FILED
At Albuquerque NM

DEC 1 4 2010

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cr. No. 10-1562 BB |
| | ) | |
| RANDY BRANCH, | ) | |
| | ) | |
| Defendant. | ) | |

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties notify the Court of the following

agreement between the United States Attorney for the District of New Mexico, the Defendant,

RANDY BRANCH and the Defendant's counsel, Todd Hotchkiss, Esq.:

## REPRESENTATION BY COUNSEL

1.    The Defendant understands the Defendant's right to be represented by an attorney

and is so represented.  The Defendant has thoroughly reviewed all aspects of this case with the

Defendant's attorney and is fully satisfied with that attorney's legal representation.

## RIGHTS OF THE DEFENDANT

2.    The Defendant further understands the Defendant's rights:

    a.    to plead not guilty, or having already so pleaded, to persist in that plea;

    b.    to have a trial by jury; and

    c.    at a trial:

        1)    to confront and cross-examine adverse witnesses,

        2)    to be protected from compelled self-incrimination,

3)    to testify and present evidence on the Defendant's own behalf, and

4)    to compel the attendance of witnesses for the defense.

## WAIVER OF RIGHTS AND PLEA OF GUILTY

3.    The Defendant agrees to waive these rights and to plead guilty to Counts 10, 15, 16, 17 and 18 of the indictment, charging violations of 21 U.S.C. § 843(a)(3) (Obtaining a Controlled Substance by Fraud); 18 U.S.C. § 1347 (Health Care Fraud); 18 U.S.C. § 922(g)(3) (Unlawful User of Controlled Substance in Possession of a Firearm) and 18 U.S.C. § 1028A (Aggravated Identity Theft).

## SENTENCING

4.    The Defendant understands that the minimum and maximum penalty the Court can impose on Count 10 is:

a.    imprisonment for a period of not more than four (4) years;

b.    a fine not to exceed $250,000;

c.    a term of supervised release of not more than three (3) years that may follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.); and

d.    a mandatory special penalty assessment of $100.00.

5.    The Defendant understands that the minimum and maximum penalty the Court can impose on Counts 15 and 16 is:

a.    imprisonment for a period of not more than ten (10) years;

b.    a fine not to exceed $250,000;

c.    a term of supervised release of not more than three (3) years that may follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.); and

d.    a mandatory special penalty assessment of $100.00.

6.    The Defendant understands that the minimum and maximum penalty the Court can impose on Counts 17 is:

a.    imprisonment for a period of not more than ten (10) years;

b.    a fine not to exceed $250,000;

c.    a term of supervised release of not more than three (3) years that may follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could

then be returned to another period of incarceration and a new term of supervised release.); and

    d.    a mandatory special penalty assessment of $100.00.

7.    The Defendant understands that the minimum and maximum penalty the Court can impose on Count 18 is:

    a.    Two (2) years imprisonment to run consecutive to any term of imprisonment imposed on the remaining counts to which Defendant is pleading guilty;

    b.    a fine not to exceed $250,000;

    c.    a term of supervised release of not more than one (1) year that may follow any term of imprisonment.  (If the Defendant serves a term of imprisonment, is then released on supervised release, and violates the conditions of supervised release, the Defendant's supervised release could be revoked -- even on the last day of the term -- and the Defendant could then be returned to another period of incarceration and a new term of supervised release.); and

    d.    a mandatory special penalty assessment of $100.

8.    The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the sentence shall be imprisonment for a term of 42 months, followed by a term of supervised release of three (3) years.

## DEFENDANT'S ADMISSION OF FACTS

9.     By my signature on this plea agreement, I am acknowledging that I am pleading guilty because I am, in fact, guilty of the offenses to which I am pleading guilty. I recognize and accept responsibility for my criminal conduct. Moreover, in pleading guilty, I acknowledge that if I chose to go to trial instead of entering this plea, the United States could prove facts sufficient to establish my guilt of the offenses to which I am pleading guilty beyond a reasonable doubt. I specifically admit the following facts related to the charges against me, and declare under penalty of perjury that all of these facts are true and correct:

On or about December 7, 2009, I knowingly submitted to a retail pharmacy a forged prescription for oxycodone. As a result of my submission of this forged prescription, I did unlawfully obtain oxycodone, a controlled substance.

On or about December 7, 2009 and December 27, 2009, I executed and attempted to execute a scheme and artifice to defraud a health care benefit program. Specifically, I knowingly submitted to retail pharmacies prescriptions which I knew to be forged or fraudulently obtained. These prescriptions were written in the names of individuals other than myself, but in submitting these prescriptions, I was seeking to obtain the medications for my personal use and benefit. I then obtained the controlled substances indicated on the prescriptions, but I did not pay the pharmacy for the prescriptions. Rather, I knew that the health care benefit programs that provided coverage to the individuals named on the prescriptions would be billed, and would pay for, the controlled substances.

On or about February 18, 2010, I was a regular user of and addicted to oxycodone, a controlled substance. At that time, I was also in possession of four (4) firearms as that term is

defined under federal law.   Each of the firearms I possessed at that time had traveled in interstate or foreign commerce prior to coming into my possession.

On or about November 30, 2009, I knowingly used and possessed a means of identification of another person during and in relation to another felony, to wit, a violation of 18 U.S.C. § 1001.  Specifically, on or about the date referenced above, I submitted to a retail pharmacy a forged prescription, which contained the name and forged signature of a physician licensed to dispense controlled substances.  My use of the physician's name was without lawful authority.  Because the prescription was forged, my submission of said prescription also constitutes a violation of 18 U.S.C. § 1001.

10.     By signing this agreement, the Defendant admits that there is a factual basis for each element of the crime(s) to which the Defendant will plead guilty.

## DEFENDANT'S ADDITIONAL OBLIGATIONS

11.     The Defendant understands the Defendant's obligation to provide the United States Pretrial Services and Probation Office with truthful, accurate, and complete information. The Defendant represents that the Defendant has complied with and will continue to comply with this obligation.

## WAIVER OF APPEAL RIGHTS

12.     The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed.  Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence

imposed in conformity with this agreement. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) pursuant to 28 U.S.C. § 2255, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

## GOVERNMENT'S AGREEMENT

13.     Provided that the Defendant fulfills the Defendant's obligations as set out above, the United States agrees that:

a.     Following sentencing, the United States will move to dismiss Counts 1-9, 11-14 and 19 of the indictment.

b.     The United States will not bring additional criminal charges against the Defendant arising out of the facts forming the basis of the present indictment.

14.     This agreement is limited to the United States Attorney's Office for the District of New Mexico and does not bind any other federal, state, or local agencies or prosecuting authorities.

## VOLUNTARY PLEA

15.     The Defendant agrees and represents that this plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises (other than the promises set forth in this agreement). Otherwise than as expressly stated herein, there have been no promises from anyone as to what sentence the Court will impose or whether the Court will accept this plea agreement. The Defendant also represents that the Defendant is pleading guilty because the Defendant is in fact guilty.

## VIOLATION OF PLEA AGREEMENT

7

16.     The Defendant agrees that if the Defendant violates any provision of this agreement, the United States may declare this agreement null and void, and the Defendant will thereafter be subject to prosecution for any criminal violation, including but not limited to any crime(s) or offense(s) contained in or related to the charges in this case, as well as perjury, false statement, obstruction of justice, and any other crime committed by the Defendant during this prosecution.

## DEFENDANT'S ABSOLUTE RIGHT TO WITHDRAW GUILTY PLEA

17.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), if the Court rejects this agreement, the Defendant shall have the right to withdraw the Defendant's plea of guilty.

## SPECIAL ASSESSMENT

18.     At the time of sentencing, the Defendant will tender to the United States District Court, District of New Mexico, 333 Lomas Blvd. NW, Suite 270, Albuquerque, New Mexico 87102, a money order or certified check payable to the order of the **United States District Court** in the amount of $500 in payment of the special penalty assessment described above.

## ENTIRETY OF AGREEMENT

19.     This document is a complete statement of the agreement in this case and may not be altered unless done so in writing and signed by all parties.

AGREED TO AND SIGNED this 14th day of December , 2010.

KENNETH J. GONZALES
United States Attorney

JOHN C. ANDERSON
Assistant United States Attorney
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274


TODD HOTCHKISS
Attorney for the Defendant


I have read this agreement and carefully reviewed every part of it with my attorney.  I understand the agreement and voluntarily sign it.


RANDY BRANCH
Defendant

9